UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *KERRI ELLEN ARSENAULT,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Civil No. 08-269-P-H* |
| | ) | |
| *MICHAEL J. ASTRUE,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

*SUPPLEMENTAL REPORT AND RECOMMENDED DECISION*

As a result of the objections filed by the plaintiff (Docket No. 11) to my report and recommended decision in this case (Docket No. 10), Judge Hornby has requested a supplemental report and recommended decision addressing the plaintiff's contention that one of her arguments was misapprehended by me in my original recommended decision. Docket No. 13.

Because the plaintiff correctly contends that my original decision did not recognize that the plaintiff's argument here was the same issue addressed by me in *Swift v. Astrue*, Civil No. 08-280-B-W, I agree with the plaintiff that it should be amended. Nonetheless, applying the rationale in *Swift* to the issue challenged by the plaintiff here, my original recommendation that the commissioner's decision be affirmed remains unchanged.

**Discussion**

The plaintiff's objection addresses the second of four issues included in her original itemized statement of specific errors filed pursuant to Local Rule 16.3(a)(2)(A). That issue is presented, in its totality, in the plaintiff's itemized statement of specific errors as follows:

1

> II. The Decision Errs in Omitting a Found Limitation in Maintaining Concentration, Persistence or Pace from the RFC.
>
> The Decision also errs in that it finds moderate difficulties in maintaining concentration, persistence or pace (Finding 4 discussion, R.19), yet does not incorporate that or an equivalent limitation into the RFC [Residual Functional Capacity].
>
> The Decision's RFC states no limitation whatever corresponding to ability to maintain concentration, persistence or pace.
>
> In very similar circumstances this Court recently found error in *Leighton v. Astrue*, Docket No. 07-142-B-W, Report and Recommended Decision at 6 (June 30, 2008), *aff'd* July 22, 2008.

Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff (Docket No. 6) at 3-4.

At the heart of my misapprehension of the plaintiff's argument is the fact that this terse presentation of the issue may be interpreted in more than one way. That ambiguity is evidenced by my question to the plaintiff's attorney at oral argument. I asked:

> Why don't moderate difficulties in maintaining concentration, persistence, or pace affect the type of work to be done -- for example, simple routine work -- rather than the degree of contact with the public, coworkers, and supervisors?

Counsel responded:

> I'm not sure concentration has a direct relation to contact with the public or supervisors. I mean, if you look at what has to be analyzed in the mental impairment analysis, one of the four parameters is social functioning, then another is concentration, persistence and pace.

FTR Recording, United States District Court Hearing Room, March 20, 2009, beginning at 1:05:52 p.m. ("FTR Recording").

My question arose from my interpretation of the plaintiff's presentation of the issue in her statement of errors, and the answer of the plaintiff's attorney appeared to agree with that

interpretation: that the moderate difficulties not specifically mentioned in the residual functional capacity assigned by the administrative law judge were inconsistent with a limitation to occasional interaction with the public, coworkers, and supervisors.

In hindsight, what should have led me to the plaintiff's intended argument – that the moderate difficulties not specifically mentioned in the residual functional capacity assigned by the administrative law judge were inconsistent with those specifically found in the body of the decision -- was counsel's immediately preceding statement at oral argument that "[t]he second issue is the same issue we discussed this morning, the concentration issue, as in the limitation issue, as in the *Swift* case, I think. This analysis is about the same as in that case. There was no finding of a limitation to simple repetitive work, which is what the court looked to in the *Conley* case to find that it wasn't an error to have a moderate limitation on concentration with no corresponding limit in the RFC." FTR Recording at 1:04:56. Earlier that day, the same lawyer had argued the case of *Swift v. Astrue*, in which he had presented a similar discussion of this issue in the itemized statement of specific errors. Itemized Statement of Errors Pursuant to Local Rule 16.3, *Swift v. Astrue*, Civil No. 08-280-B-W (Docket No. 6) at 2.

Accordingly, my discussion of this issue in the original report and recommended decision should have paralleled that in my report and recommended decision in the *Swift* case. The text of my report and recommended decision in this case, Docket No. 10, should be amended by deleting that portion of the subsection "B. Concentration, Persistence, or Pace" beginning with the last paragraph on page 6 (beginning "The plaintiff argues that,") and replacing it with the following:

> In *Leighton v. Astrue*, Civil No. 07-142-B-W, 2008 WL 2593789 (D.
> Me. June 30, 2008) (rec. dec., *aff'd* July 22, 2008), as here, the

3

administrative law judge found the claimant to suffer from moderate limitations in maintaining concentration, persistence, or pace. *Id*. at *4. The administrative law judge went on to find that the plaintiff retained the mental RFC to "follow instructions up to the SVP [Specific Vocational Preparation] three level, make simple work-related decisions, occasionally, but incidentally, have contact with the public, tolerate occasional routine supervision, interact occasionally with up to 10 coworkers, adapt to occasional work changes, and maintain a goal-oriented pace, but not a production rate[.]" *Id*. at *1. The court held that this residual functional capacity determination failed to reflect the plaintiff's moderate difficulties in maintaining social functioning and concentration, persistence, or pace, and that "[t]he limitations on contact with the public, routine supervision, interaction with coworkers, and work changes and pace are not consistent with those moderate difficulties." *Id*. at *4.

In this case, the administrative law judge included in his residual functional capacity finding a limitation to "occasional[] interact[ion] with coworkers, supervisors, and the general public," Record at 19-20, but did not mention any other limitations that might logically correspond to his findings with respect to concentration, persistence, or pace. The quoted limitation does not reflect those findings. *See, e.g., Whack v. Astrue*, Civil Action No. 06-4917, 2008 WL 509210, at *8 (E.D. Pa. Feb. 26, 2008) ("Many employers require a certain output level from their

employees over a given amount of time, and an individual with deficiencies in pace might be able to perform simple tasks, but not over an extended period of time.") (citation and internal punctuation omitted) (cited with favor in *Leighton*, 2008 WL 2593789, at *4); *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930 (E.D. Mich. 2005) ("[W]hile finding that Plaintiff has a 'moderate limitation in her ability to concentrate, persist and keep pace,' the ALJ's limitations were with co-workers, supervisors and the public, and to 'jobs entailing no more than simple, routine, unskilled work.'  While close, these are not sufficient, and do not fully convey Plaintiff's limitations in concentration to the VE [Vocational Expert].  Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job.") (citations omitted) (cited with favor in *Leighton*, 2008 WL 2593789, at *4).

The error, however, is harmless in this case because the administrative law judge adopted the residual functional assessment of a reviewing expert who took into account moderate limitations in the plaintiff's concentration, persistence, or pace.  Record at 22 (citing Exhibit 17F as one that is "generally supported by the record" and assesses the plaintiff as being able to work).  That expert, a state-agency Disability Determination Services psychologist, Dr. Houston, *id.* at 315 (page one of Exhibit 17F), found the plaintiff to have moderate difficulties in maintaining concentration, persistence, or pace, *id.* at 325,

5

while noting treating professionals' reports that the plaintiff "IS capable. Able to perform work-related activities W[ithin] N[ormal] L[imits]" (emphasis in original) and "Completing tasks and concentration is [sic] only affected on days when pain is worst." *Id*. at 327. Dr. Houston then concluded that the plaintiff was "able to understand and remember simple instructions," could carry out "simple tasks," was "able to interact with co-workers and supervisors," and could adapt to simple changes. *Id*. at 331.

The administrative law judge limited the plaintiff to unskilled work. *Id*. at 23. Unskilled work demands the ability to understand, remember, and carry out simple instructions, to respond appropriately to supervision, coworkers, and usual work situations, and to adapt to changes in a routine work setting. Social Security Ruling 85-15, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 347. Thus, the failure of the administrative law judge explicitly to deal with the mental limitations that he assigned to the plaintiff in his discussion of her residual functional capacity was a harmless error in this case. *See Conley v. Astrue*, 2009 WL 214557 (D. Me. Jan. 28, 2009), at *3.

For the foregoing reasons, supplementing my earlier discussion, my recommendation that the commissioner's decision be affirmed remains the same.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 8th day of June, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge